**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

---

**No. 96-20435**

---

**THOMAS E. LOGANS,**

**Plaintiff-Appellant,**

**VERSUS**

**GTECH CORPORATION, ET AL,**

**Defendants,**

**GTECH CORPORATION; GTECH Texas,**

**Defendants-Appellees.**

---

Appeal from the United States District Court
For the Southern District of Texas
(CA-H-94-1813)

---

March 26, 1997

Before REYNALDO G. GARZA, EMILIO M. GARZA, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Thomas E. Logans brought this employment discrimination suit against GTECH Corporation (GTECH), GTECH Texas and other

---

[*]Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

individuals employed by GTECH, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (Title VII), the Civil Rights Acts of 1866 and 1871, 42 U.S.C. §§ 1981, 1985 (§ 1981), and the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* (ADEA).[1]  The district court disposed of this case by issuing a series of orders granting partial summary judgment on the various claims.  Logans filed a timely notice of appeal.  Finding no error, we affirm.

## BACKGROUND

GTECH has operated certain aspects of the Texas State Lottery since the lottery's inception in April 1992.  GTECH is a wholly owned subsidiary of GTECH Holdings Corporation, a company whose stock is publicly traded.  GTECH has no publicly held shares and is a Delaware Corporation qualified to do business in Texas.  GTECH Texas, a Texas Corporation, is an affiliate of GTECH.

GTECH hired Logans in April 1992 to be the Sales Manager for the Houston District.  Logans, an African-American, was 49 years old when he was hired.  Logans worked for GTECH until he was fired in May 1993 for allegedly participating in an illegal kickback scheme which defrauded the company.

---

[1] Logans also sought damages for wrongful discharge, defamation, and false-light invasion of privacy under Texas common law and TEX. REV. CIV. STAT. ANN. art. 5430.  Logans does not contest the district court's order granting summary judgment as to these claims.

Jerri Lee, another GTECH employee, told the company that she, Logans, and Claudia LeBlanc had conspired to steal money from GTECH by manipulating a company check request that was to be used to pay for the Houston office's 1992 Christmas party. Jerri Lee then voluntarily resigned. Ramon Rivera, GTECH's Manager of Human Resources, and Deidre Spencer, the State Sales Manager, followed up on Lee's allegations by conducting an investigation into this incident which later confirmed Lee's story. As a result of the investigation, Logans and LeBlanc were discharged on May 27, 1993. Logans was replaced by Calvin Hudson, a 30-year-old African-American male.

Logans denied any knowledge of, or participation in, the kickback scheme. He contends that GTECH fired him in retaliation for his persistent efforts to fight for the rights of minority employees at GTECH. Logans asserts that, in the summer of 1992, he engaged in protected activity by standing up for the right of a black female employee to be free from racial discrimination by making sure that GTECH promoted her in accordance with law. Logans also contends that he spoke out against alleged sexual harassment committed by GTECH's general manager.

Logans contends that, in March 1993, he reported acts of racial discrimination by GTECH Corporation's security manager. In April 1993, Logans contends that he supported employees who had been sexually harassed by reporting that Jim Hosker, GTECH's General Manager, had made crude and sexist remarks to female

employees. Logans also reported Hosker for alleged acts of racial discrimination. Logans alleges that he then began counseling employees to document incidents of racial discrimination and sexual harassment within GTECH.

Logans filed suit against GTECH Corporation, GTECH Texas, and others on May 26, 1994. Logans filed an amended complaint on August 25, 1994, and the district court issued summonses for both GTECH Corporation and GTECH Texas. Logans then served both companies with the complaint and a summons. On September 14, 1994, GTECH Corporation filed an answer. However, the record does not reflect that GTECH Texas ever filed an answer. GTECH contends that GTECH Texas was never properly served and is, therefore, not a party to this case.

The district court then issued a series of orders dismissing individual defendants and granting partial summary judgment. First, the district court granted the individual defendants' motion to dismiss Logans' Title VII and ADEA claims against them based on the fact that Logans could not show that these individuals were statutory employers. Then, on July 26, 1995, the district court granted partial summary judgment dismissing (1) Logans' wrongful termination claim under Texas law; (2) his retaliation and discrimination claims under Title VII; (3) his 42 U.S.C. § 1981 claim of race discrimination; and (4) Logans' 42 U.S.C. § 1985 claim. On November 17, 1994, the district court entered another partial summary judgment order dismissing Logans' claim under the

4

ADEA.  This order resolved all remaining issues of Logans lawsuit.


Logans appealed.  GTECH filed a motion to dismiss the appeal on February 16, 1996.  On March 27, 1996, this Court issued an order which granted GTECH's motion in part, denied it in part, and remanded the case back to the district court with instructions to enter a final judgment pursuant to FED. R. CIV. P. 58.  We then held that the Appellant, Logans, could appeal from that judgment within 30 days of the order.

In the interim, Logans filed a motion for default judgment against GTECH Texas for failing to file an answer to his complaint. The district court struck Logans' request for entry of default on the grounds that Logans failed to serve the motion for entry of default on all parties to the case.

On April 2, 1996, the district court entered a final judgment in accordance with this Court's order dismissing Logans' entire case pursuant to Rule 58.  Logans now appeals contending that the district court erred in granting summary judgment against his retaliatory discharge claims and against his ADEA claim.  Logans also contends that the district court erred in striking his request for entry of default against GTECH Texas.


**ANALYSIS**

We review a district court's decision to grant summary

5

judgment using the familiar *de novo* standard. *See **Cantu v. Rocha***, 77 F.3d 795, 805 (5th Cir. 1996). Logans first argues that the district court erred by *sua sponte* granting summary judgment on his retaliation claims without affording him notice and an opportunity to respond as required by FED. R. CIV. P. 56(c). Logans maintains that GTECH's motions for summary judgment were not specifically directed at his retaliation claims and, as a result, he had no indication that the retaliation claims were at issue.

This Court has strictly enforced the notice requirements of FED. R. CIV. P. 56(c). *See **Nowlin v. Resolution Trust Corp.***, 33 F.3d 498, 504 (5th Cir. 1994). Rule 56(c) provides that the district court must give a party opposing summary judgment ten days notice before entering judgment. The strict notice requirements of Rule 56(c) have not been mechanically applied to those instances in which a party has received informal notice that a particular claim is at issue and has had an opportunity to present evidence opposing summary judgment on that claim. *See **Celotex Corp. v. Catrett***, 106 S. Ct. 2548, 2554 (1986) ("district courts are widely acknowledged to possess the power to enter summary judgments *sua sponte*, so long as the losing party was on notice that she had to come forward with all of her evidence."); ***Howell Petroleum Co. v. Leben Oil Corp.***, 976 F.2d 614, 617 (10th Cir. 1992) (recognizing that an issue raised defensively, and not in the movant's motion for summary judgment, was sufficient to notify the non-movant to

6

come forward with all evidence relevant to that issue for summary judgment purposes).

GTECH's March 3, 1995, motion for summary judgment did not mention retaliation or refer to 42 U.S.C. § 2000e-3(a), the retaliation portion of the statute. However, Logans' response, entered on March 24, 1995, specifically addressed retaliation. The response provided a factual background for Logans' retaliation claim. He also argued that he made a prima facie case of discrimination and retaliation. In a response filed on April 3, 1995, GTECH noted that the only evidence presented to support Logans' claims of retaliation and discrimination was Logans' self-serving declaration and its conclusory statements. The district court then entered its memorandum opinion and order granting partial summary judgment as to Logans' retaliation claims on July 27, 1995.

From April 3, 1995, until July 27, 1995, Logans had ample opportunity to file supplemental briefing or submit additional evidence to support his retaliation claim. Logans was on notice that the retaliation issue was before the court based on his own response to GTECH's motion for summary judgment as well as GTECH's reply brief. Therefore, we find no merit in Logans' contention that the district court erred in *sua sponte* entering summary judgment on his retaliation claim. Logans placed the retaliation issue before the court by raising it in his response to GTECH's

7

summary judgment motion. GTECH then filed a reply brief which also raised retaliation as an issue ripe for summary judgment. The district court then waited almost four months to grant summary judgment against Logans. Logans never submitted additional evidence to support his claim or filed supplemental briefing to raise a genuine issue of fact concerning his claim of retaliation.

Even if we assume that Logans never received proper notice pursuant to Rule 56(c), we have reviewed the district court's failure to give proper notice for harmless error. *See **Nowlin***, 33 F.3d at 504. "When there is no notice to the nonmovant, summary judgment will be considered harmless *if the nonmovant has no additional evidence* or if all of the nonmovant's additional evidence is reviewed by the appellate court and none of the evidence presents a genuine issue of material fact." ***Id.*** (quotations omitted) (emphasis original).

Logans relies completely on his affidavit and declaration. Other record references cited as support for his argument are taken out of context and misquoted. After having reviewed the record in this case, none of the evidence presented by Logans raises a genuine issue of material fact and we, therefore, affirm the decision of the district court granting summary judgment in favor of GTECH as to Logans' retaliation claim.

Logans also contends that the district court erred in granting summary judgment in favor of GTECH on his ADEA claims. 29 U.S.C.

§ 623(a) makes it unlawful for an employer "to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age."  To establish a claim under the ADEA, Logans must show (1) that there was an adverse employment activity and (2) there was a causal connection between his age and the adverse employment action. *See **Holt v. JTM Indus., Inc.**,* 89 F.3d 1224, 1226 (5th Cir. 1996).  Logans had to show that his age had "a determinative influence on the outcome." *See **Purcell v. Seguin State Bank and Trust Co.**,* 999 F.2d 950, 955 (5th Cir. 1993) (internal quotation omitted).

Logans maintains that GTECH's proffered reasons for his dismissal were false and merely a pretext for discrimination. Logans argues that Hosker, who allegedly stated that GTECH was favorable to young people, instructed Rivera and Spencer to get LeBlanc to implicate Logans in the kickback scheme.  Logans also argues that GTECH decided to remove him before investigating his involvement in any kickback scheme and that GTECH admitted that the investigation did not show that Logans was involved in the scheme.

In ***Rhodes v. Guiberson Oil Tools***, 75 F.3d 989, 994 (5th Cir. 1996) (en banc), this Court explained that:

> a jury issue will be presented and a plaintiff can avoid summary judgment and judgment as a matter of law if the evidence taken as a whole (1) creates a fact issue as to whether each of the employer's stated reasons was what actually motivated the employer and (2) creates a reasonable inference

9

that age was a determinative factor in the actions of which the plaintiff complains. The employer, of course, will be entitled to summary judgment if the evidence taken as a whole would not allow a jury to infer that the actual reason for the discharge was discriminatory.

After a complete review of the record, we find that the evidence taken as a whole does not create a fact issue as to the GTECH's actual motivation for firing Logans. Logans offers no evidence to create a reasonable inference that age was a determinative factor in his termination. GTECH investigated Logans' involvement in the kickback scheme before the company suspended him, with pay, pending further investigation. No evidence in the record so much as implies that LeBlanc was forced to implicate Logans in this kickback scheme. Finally, nothing in the record shows that GTECH's reasons for terminating Logans were false. The only evidence in the record to support Logans' ADEA claim is his self-serving declaration, subjective conclusions contained in his affidavit, and his misstatements of the record itself. For the foregoing reasons, we affirm the decision of the district court.

Finally, Logans argues that the district court erred in striking his request for entry of default on the grounds that all parties had not been served with such request. The district court's order stated:

> After this Court granted summary judgment in favor of the defendants, Logans requested that this Court enter default judgment against GTECH Texas. Logans cites Federal Rule of Civil Procedure 5(a) for the

10

proposition that he need not serve this request on any of the parties to this lawsuit. That rule, however, only states that the "parties in default for failure to appear" need not be served; it does not address the other parties, who have not failed to appear. The plaintiff's request to enter default[] is therefore STRICKEN for failure to serve it upon all parties to the case.

Logans contends that a Rule 55(a) request for entry of default does not require that a judgment of default be served on all parties. Logans argues further that even if service was required to all other parties to the lawsuit, they had been dismissed by the district court's summary judgment orders and as such, were no longer parties to this case.

While this argument presents an interesting issue of whether a plaintiff must serve all defendants with its request for entry of default against a party that has failed to answer, we find any error by the district court, if one occurred, to be harmless. Logans does not assert any claims against GTECH Texas different from those brought against GTECH. Having found the exact claims against GTECH to be without merit, and noting that Logans presents no additional evidence to support any claim against GTECH Texas, we find that the summary judgment was properly entered in favor of all defendants in this case.

Even if we were to address the issue of whether requests for entry of default must be served on all participating defendants, Rule 5(a) of the Federal Rules of Civil Procedure provides that:

> [E]very order required by its terms to be served, every pleading subsequent to the original complaint

11

> unless the court otherwise orders because of numerous defendants, every paper relating to discovery required to be served upon a party unless the court otherwise orders, every written motion other than one which may be heard ex parte, and *every written notice, appearance, demand, offer of judgment, designation of record on appeal, and similar paper shall be served on each of the parties.* No service need be made on parties in default for failure to appear except that pleading asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons in Rule 4.

(emphasis added). While Rule 55 does not expressly state that service of requests to enter defaults shall be served on other parties, Rule 5(a) clearly requires that all written motions shall be served on each of the parties. Logans did not serve GTECH Corporation or the other defendants with his request for entry of default against GTECH Texas. Further, no final judgment dismissing GTECH or the other parties had been entered at the time of Logans' request for default. As such, Logans contention that no parties remained in the suit also fails. Because Rule 5(a) clearly requires that all parties, except the defaulting party, are to be served, the decision of the district court to strike Logans request for entry of default is affirmed.


## CONCLUSION

For the foregoing reasons, the decision of the district court is, in all things,

**AFFIRMED.**


12